# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL LEWIS TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11-CV-174-SNLJ |
| | ) | |
| UNKNOWN RAYFIELD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 166914), an inmate at the Potosi Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #3]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $3.65. See 28 U.S.C. § 1915(b)(1). Additionally, the Court will order plaintiff to submit an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $18.25, and an average monthly balance of $.18. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.65, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S.

Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**The Complaint**

Plaintiff, an inmate at Potosi Correctional Center ("PCC"), seeks monetary relief in this action brought pursuant to 42 U.S.C. §§ 1983 and 1985(3) for constitutional violations he suffered while incarcerated at PCC. Plaintiff names thirty-two PCC employees as defendants, to wit: Unknown Rayfield, Unknown Tammi, Unknown Francis, Unknown Conrad, Unknown Bailey, Jackie Laird, Ian Wallace, Unknown Horn, Unknown Milum, Unknown Arcand, Unknown Miller, Unknown Salvage, Unknown Nixon, Unknown Coltan, Unknown Huitt, Unknown Dillion, Unknown Botkins, Unknown Cain, Unknown Glore, Unknown Spoo, Unknown Harper, Unknown Estes, Unknown Mezo, Unknown Rich, Unknown Holly, Unknown Cassie, Unknown Demello, Cindy Griffith, Sharon Gifford, Brian Allen, Jeffrey Turner, and Unknown Coffman.

Plaintiff's allegations arise out of a myriad of different occurrences that took place at PCC between the period of 2007 and 2011. For example, plaintiff claims that from November 7, 2007, to February 7, 2008, defendants Gifford, Allen, and Turner conducted an unfair conduct violation hearing, resulting in his confinement in administrative segregation; in May 2009, defendants Francis and Conrad intentionally destroyed certain items of his personal property; in July 2009, defendants Bailey, Laird, and Wallace "denied [him] mail from an outside female friend"; from 2007 to 2010, defendants Gifford and Nixon denied him recreational opportunities while he was confined in ad seg; and in April 2008, defendants Coffman and Rayfield issued him a false conduct violation, resulting in the violation of access-to-the-court rights. This is but a small sample of the numerous claims plaintiff asserts against the thirty-two named defendants, spanning a five-year period of time. The separate claims bear little or no relationship to each other.

## Discussion

Rule 18(a) of the Federal Rules of Civil Procedure states:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

As such, multiple claims against a single party are valid. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

For the most part, however, the instant action presents a case involving multiple claims against, not one, but thirty-two defendants. Indeed, it appears that plaintiff is attempting to cram almost every claim he might have ever had against a PCC employee into one lawsuit. Such pleading practices are not allowed, especially in prisoner actions where there could be an incentive to avoid paying separate filing fees. See id. (district court should question joinder of defendants and claims in prisoner cases). Federal Rule of Civil Procedure 20(a)(2) is controlling and provides:

> Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Thus, a plaintiff cannot normally seek to join in one lawsuit a multitude of claims against a host of different defendants, relating to events arising out of a series of different occurrences or transactions, even if they occur at the same correctional institution. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits,

. . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." Id.

Because plaintiff is proceeding pro se and in forma pauperis, the Court will give him an opportunity to file an amended complaint in this action. In so doing, plaintiff should select the transaction or occurrence he wishes to pursue, in accordance with Rules 18 and 20 of the Federal Rules of Civil Procedure, and file an amended complaint, limiting his facts and allegations to the defendant(s) involved in said occurrence. Plaintiff should only include in his amended complaint those claims that arise out of the same transaction or occurrence, or simply put, claims that have some relation to each other. See Fed.R.Civ.P. 18(a) and 20(a)(2). Application of this rule will usually result in a complaint containing claims relating to just one event or time period at one correctional center.

Plaintiff is reminded that he is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff must clearly state the defendant(s) he is pursuing a claim against, and he must articulate, for each defendant, the factual circumstances surrounding that person's alleged wrongful conduct. Plaintiff's failure to make specific and actionable allegations against any of defendant(s) will result in that

individual's dismissal from this case.[1]  Plaintiff is advised that the amended complaint will replace the original complaint and will be the only pleading this Court reviews. See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).

Last, if plaintiff wishes to pursue additional claims against additional defendants, and the claims to not arise from the same transaction or occurrence, he must file each such claim(s) on a separate complaint form and either pay the $350 filing fee or file a motion for leave to proceed in forma pauperis and certified inmate account statement.  In anticipation of such an occurrence, the Court will instruct the Clerk to provide plaintiff with the appropriate blank forms for filing a complaint and motion to proceed in forma pauperis.  Because each complaint would be filed as a new action, plaintiff should not put a cause number on the new complaint(s).  The Clerk of Court will assign a cause number to each new action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

---

[1] The Court will review plaintiff's amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness, and/or failure to state a claim.  A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed in this lawsuit.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $3.65 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint, in accordance with the instructions set forth above, no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff five blank form complaints for the filing of a prisoner civil rights complaint, as well as five blank form motions for leave to proceed in forma pauperis. Plaintiff may request additional forms from the Clerk, as needed.

Dated this  6th  day of March, 2012.

_____
UNITED STATES DISTRICT JUDGE