## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL LEWIS TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11-CV-174-SNLJ |
| | ) | |
| UNKNOWN RAYFIELD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's first amended complaint.[1]

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis in either law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

---

[1]On March 6, 2012, plaintiff was instructed to file an amended complaint in accordance with the Court's Memorandum and Order [Doc. #8].

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.*  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

### The First Amended Complaint

Plaintiff, an inmate at the Potosi Correctional Center ("PCC"), seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983.  Named as defendants are PCC employees Unknown Miller (Caseworker), Unknown Arcand (Caseworker),

Unknown Milum (Caseworker), Unknown Bailey (Caseworker), Unknown Salvage (Grievance Officer), and Unknown Horn (Correctional Officer II).  Defendants are being sued in their individual and official capacities.

## Discussion

### A.   First Amendment Retaliation Claims against Defendants Miller, Arcand, Milum, Bailey, and Salvage

Plaintiff alleges that in October 2009, defendants Miller, Arcand, Milum, Bailey, and Salvage each informed plaintiff that if he "was ever to write Mrs. Mandi Moore (government official) again . . . [he] would be issued [a] conduct violation . . . and confined to ad seg."  Plaintiff states that he did again write to Ms. Moore to complain of the extremely cold temperature in his cell, as well as water leakage, and that defendants retaliated against him by taking his television.

The Court finds that plaintiff's allegations against defendants Miller, Arcand, Milum, Bailey, and Salvage, in their individual capacities, survive frivolity review and are sufficient to state actionable retaliation claims for plaintiff's exercise of his First Amendment right to seek redress for his prison grievances.  See Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994)(threat of retaliation is sufficient injury if made in retaliation for inmate's attempt to seek redress of grievances).  As such, the

Court will order said defendants, in their individual capacities, to respond to plaintiff's First Amendment retaliation claims.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendants Miller, Arcand, Milum, Bailey, and Salvage in their official capacities, and the Court will order that all said claims be dismissed.

**B.  Claims against Defendant Horn**

Plaintiff alleges that defendant Horn "held up [his] outgoing mail to [his] lady friend in Germany that was giving [sic] to him by Laird and the letter was read [and] copied to impede [plaintiff] from writing to Mrs. Mandi Moore complaining of [his] condition of confinement (extremely cold cells and water leakage)."

Plaintiff's allegations do not "plausibly suggest an entitlement to relief," *Ashcroft*, 129 S.Ct. at 1951, and fail to state a claim or cause of action under § 1983. Thus, the Court will dismiss this claim as legally frivolous.

Plaintiff further alleges that defendant Horn "issued [him] a conduct violation"[2] and "was present at [the] disciplinary hearing to influence a harsher punishment." In addition, Horn was allowed "to alter the CDV in [plaintiff's] present [sic]," presumably in violation of prison policy.

Plaintiff's allegations do not rise to the level of a constitutional violation and, again, do not "plausibly suggest an entitlement to relief." *Id.* Furthermore, defendant Horn's alleged failure to follow prison regulations does not amount to a § 1983 claim. *See Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983). As such, the Court will dismiss these claims as legally frivolous.

Plaintiff alleges that, after being found guilty of the conduct violation, defendant Horn escorted him to ad seg and placed him a "cell with feces" on the walls. Plaintiff also states that defendant Horn issued him "dirty under clothing" and "refused [him] cleaning supplies." Plaintiff summarily claims that Horn's actions constituted "a mutual understanding and meeting of the minds and impermissible conspiracy."

---

[2]Liberally construing the complaint, plaintiff is alleging that Horn issued him a conduct violation for writing to his friend in Germany. Document #11, page 14 of 39, is a PCC "Appeal Response," indicating that plaintiff's letter to Ms. Maria Irauschik "contained a request [from plaintiff for Ms. Irauschik] . . . to deposit money into the account of Offender Reginald Clemons #990102, which is unauthorized."

Plaintiff's allegations do not rise to the level of a constitutional violation and fail to state a § 1983 claim. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 963-64 (8th Cir. 1995)(for conditions of confinement to violate Eighth Amendment, inmate must show alleged deprivations denied him minimal civilized measure of life's necessities and defendants were deliberately indifferent to excessive risk to his health or safety)*; Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992)(to establish objective component of conditions-of-confinement claim, deprivation must be "extreme" and must deny "minimal civilized measure of life's necessities"). Moreover, to properly plead a claim for civil conspiracy under § 1983, a plaintiff must include specific factual allegations showing a "meeting of the minds" concerning unconstitutional conduct. *See Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010)(conspiracy claim under § 1983 alleging violation of constitutional rights requires allegations of specific facts tending to show meeting of minds among alleged conspirators). Plaintiff's summary allegations are insufficient to state a claim for conspiracy under § 1983. As such, the Court will dismiss plaintiff's claims.

## C.  Lack-of-Exercise Claim

Plaintiff summarily alleges that he was "denied recreation opportunities at all during the five (5) months [he was] assigned to ad seg."

-6-

"Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits).  Plaintiff does not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the violation of his constitutional rights with regard to a lack of exercise.  Accordingly, the Court will dismiss this claim.

### D.  Five-Month-Ad-Seg-Confinement Claim

Plaintiff alleges that his "inordinate time spent in ad seg" constituted an atypical and significant hardship, in violation of his Fourteenth Amendment due process rights.

For Fourteenth Amendment procedural due process to be implicated, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472 (1995).  As set forth in the first amended complaint, plaintiff's five-month confinement is not the type of atypical and significant hardship in which the state might conceivably create a liberty interest.

-7-

*Cf. id.* at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Jones v. Baker*, 155 F.3d 810, 812-13 (6th Cir. 1998)(same; two and a half years in administrative segregation); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997)(same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996)(same; ten days disciplinary detention and 100 days in maximum-security cell).  For these reasons, the Court will dismiss this claim.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue on the first amended complaint [Doc. #11] as to defendants Unknown Miller, Unknown Arcand, Unknown Milum, Unknown Bailey, and Unknown Salvage in their individual capacities only.

**IT IS FURTHER ORDERED** that, in their individual capacities only, defendants Unknown Miller, Unknown Arcand, Unknown Milum, Unknown Bailey, and Unknown Salvage, shall file an answer or other responsive pleading directed to plaintiff's First Amendment retaliation claims.  Defendants shall so respond within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, as to defendants Unknown Miller, Unknown Arcand, Unknown Milum, Unknown Bailey, and Unknown Salvage, in their official capacities, the Clerk shall not issue process or cause process to issue upon the first amended complaint, because it is legally frivolous and fails to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendant Unknown Horn, the Clerk shall not issue process or cause process to issue upon the complaint, because the first amended complaint is legally frivolous and fails to state a claim upon which relief can be granted.   *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as *Samuel Lewis Taylor v. Unknown Miller, Unknown Arcand, Unknown Milum, Unknown Bailey, Unknown Salvage, and Unknown Horn*.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

A separate order directing the dismissal of specific claims and defendants will be filed separately.

Dated this 23rd day of July, 2012.

_____
UNITED STATES DISTRICT JUDGE

-9-