# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| SAMUEL TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:11-CV-174 SNLJ |
| ) | |
| MICHAEL MILLER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff is incarcerated at the Potosi Correctional Center ("PCC"). He brings this 42 U.S.C. § 1983 action against defendant employees of the Missouri Department of Corrections ("MDOC") whom he alleges, in October 2009, told him to never again write to a particular government official, Mandi Moore, or they said he would receive a conduct violation and be confined to administrative segregation. Plaintiff alleges that he did write to Ms. Moore to complain of the extremely cold temperature in his cell, as well as water leakage, and he alleges the defendants retaliated against him by taking his television. Plaintiff has filed 6 motions, which the Court will address in turn.

**I.      Motion to Compel (#26)**

Plaintiff's motion to compel (#26) seeks a variety of documents to which he says he is entitled from defendants. Defendants respond that plaintiff has not complied with Local Rule 3.04(A), which requires the parties to confer with each other in an attempt to resolve discovery disputes before seeking court intervention. Further, defendants note that the plaintiff did not serve them with discovery requests. Plaintiff responded that the law library at the prison claims not to have a copy of the local rules, but he states that the court "did inform plaintiff to confer

with the defendants." Despite that knowledge, however, plaintiff believed it would be futile to confer with defendants. Plaintiff is required to comply with the Federal Rules of Civil Procedure and this Court's Local Rules. Furthermore, to the extent plaintiff sought certain documents, he should have sought those documents through his own discovery requests. The motion will be denied.

**II.     Motion for Special Affidavit (#27)**

Plaintiff requests "from the Court a 'Special Affidavit' of prisoners and our current conditions and any evidence plaintiff can obtain relating to this case." Plaintiff wants other prisoners confined at PCC to sign the affidavits, which he says will set out prison conditions such as "how cold these cells and housing unit[s]" are. Defendant points out that plaintiff's conditions of confinement claims were dismissed. Plaintiff replies that the affidavits will also include information on how prison officials "manipulate" grievance procedures.

Plaintiff is free to file affidavits with the Court from any competent witness. He does not need the Court's permission to do so. To the extent he wants the "special affidavits" to come from the Court, his request is denied.

**III.    Motion to Clarify (#36)**

Plaintiff acknowledges that the Court dismissed certain claims against a particular defendant, but he wants to know whether his Eighth and Fourteenth Amendment claims for his cold cell conditions against the five remaining defendants remain in this case. The Court's July 23, 2012 Order (#12) set forth the plaintiff's allegations against the five defendants Miller, Arcand, Milum, Bailey, and Salvage. As the Order articulates, plaintiff alleged that those defendants told him "that if he 'was ever to write Mrs. Mandi Moore (government official) against...[he] would be issued [a] conduct violation...and confined to ad seg.' Plaintiff states that

2

he did again write to Ms. Moore to complain of the extremely cold temperature in his cell, as well as water leakage, and that defendants retaliated against him by taking his television." (#12 at 3.) The Court held that plaintiff's claim for First Amendment retaliation survived frivolity review. However, to the extent plaintiff believes he made an Eighth Amendment and Fourteenth Amendment claim against those individuals based on cold cell conditions, he did not. Allegations regarding plaintiff's cold cell conditions were made strictly in the context of a First Amendment retaliation claim, as evidenced by the fact that plaintiff did not allege, among other things, who was responsible for his alleged discomfort. (See Am. Cmplt., #11 at 31.)

### IV. Motions for Preliminary Injunction (#31, #37)

Plaintiff claims he was retaliated against for bringing this lawsuit by the defendants' friends and family members. Plaintiff claims that the friends and family members damaged his typewriter and took 70 postage stamps; he also discusses that he is not permitted to attend exercise classes and that someone is interfering with his personal mail. It appears that plaintiff's motion seeks injunctive relief for matters not raised by his complaint. His motion is thus subject to dismissal. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). Furthermore, plaintiff's request is directed not at defendants, but at others who are not subject to the Court's jurisdiction in this case. Plaintiffs motions will therefore be denied.

### V. Motion to Depose (#48)

Plaintiff states he has "reason to believe that the defendants...will produce evidence concerning Ms. Cindy Griffith and Mrs. Ethel Rutz that plaintiff should be allowed to refute by written deposition." Plaintiff does not explain why he believes defendants will offer testimony

from these individuals. Defendants point out that discovery closed on January 21, 2013, and that plaintiff has had ample opportunity to seek discovery from defendants. Furthermore, defendants have now filed their motion for summary judgment, and the motion does not include any evidence regarding either Ms. Griffith or Mrs. Rutz. Plaintiff's motion will be denied.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's Motion to Compel (#26) is DENIED.

IT IS FURTHER ORDERED that plaintiff's Motion for Special Affidavit (#27) is DENIED.

IT IS FURTHER ORDERED that plaintiff's Motion for Clarification (#36) is GRANTED.

IT IS FURTHER ORDERED that plaintiff's Motions for Preliminary Injunction (#31, #37) are DENIED.

IT IS FINALLY ORDERED that plaintiff's Motion to Depose (#48) is DENIED.

Dated this __8th__ day of March, 2013.

_____
UNITED STATES DISTRICT JUDGE